UNITED STATES BANKRUTPCY COURT
EASTERN DISTRICT OF MICHIGAN (DETROIT)

IN RE:

**CHERYL A. MANIACI,**　　　　　　　　　　　　Case No.: 17-40789-pjs
　　　　　　　　　　　　　　　　　　　　　　　　Chapter 7
　　　　Debtors.　　　　　　　　　　　　　　　　Hon.: Phillip J. Shefferly
_____/

**COMERICA BANK**,

　　　　　　Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　Adv. No.:

**CHERYL A. MANIACI,**

　　　　　　Defendant.
_____/

### ADVERSARY COMPLAINT OBJECTING TO DISCHARGE OF DEBT PURSUANT TO 11 U.S.C. §§ 523(a)(2)(A)

NOW COMES the Plaintiff, COMERICA BANK ("Plaintiff"), by and through its counsel, Gary A. Hansz of Simon, PLC, and states as follows for the Adversary Complaint Objecting to Discharge of Debt Pursuant to 11 U.S.C. §§ 523(a)(2)(A):

### JURISDICTION

1.　　Plaintiff is a creditor in the underlying bankruptcy case.

2.　　On January 20, 2017, Defendant filed a voluntary petition under Chapter 7 of the U.S. Bankruptcy Code, Case No. 17-40789-pjs.

3.　　This adversary proceeding is one arising in Defendant's pending Chapter 7 bankruptcy.

4.　　This is an adversary proceeding brought pursuant to 11 U.S.C. §523 and Federal Rule of Bankruptcy Procedure 7001 to determine the dischargeability of Defendant's debts.

5.　　The Court has jurisdiction of adversary proceedings pursuant to 28 U.S.C. §1334

and 11 U.S.C. §523. This is a core proceeding under 28 U.S.C. §157.

## FACTS

6. On September 29, 2008, insider non-party Prickles, LLC ("Prickles") executed a Variable Rate Installment Note promising to pay Plaintiff Bank the original amount of Two Hundred and Seventy-Seven Thousand, and Five Hundred Dollars ($277,500.00) ("Note"). The Note was executed by the Defendant, as sole member of Prickles.

7. On September 29, 2008, Defendant as sole member of Prickles executed a Mortgage, in favor of Plaintiff, on the real property commonly known as 20837, 20920, 20924, 20928, and 20932 Harper Ave., Harper Woods, Michigan 48225 ("Real Property"), as security for payment of the indebtedness evidenced by the Note, which Mortgage was recorded on October 7, 2008, in Liber 47506, Page 1147-1155, Wayne County Records in the amount of the Note ("Mortgage").

8. Defendant personally executed an Unlimited Guaranty regarding payment of the Note. Defendant also executed an All Assets Security Agreement as sole member of Prickles.

9. Defendant signed a Limited Liability Company Authority to Procure Loans documents dated September 29, 2008, giving Defendant the right to execute all the loan documents as sole member of the borrower, Prickles.

10. Defendant has failed, or refused to explain, or otherwise provide documentation and/or information showing that Defendant, as the sole member of Prickles, at the time of the loan or any time prior or subsequent.

11. Plaintiff sued Prickles and Defendant and obtained a judgment for Two Hundred and Sixty-Seven Thousand, Three Hundred and Seven Dollars and $^{18}/_{100}$ ($267,307.18), on March 14, 2014. Plaintiff's receiver sold the Real Property and assets of Prickles and there remains a deficiency judgment in the amount of One Hundred and Eighty-Four Thousand, Eight Hundred

and Fifty-Seven Dollars and $^{76}/_{100}$ ($184,857.76). This amount due and owing Plaintiff on the Note. This amount excludes post-petition interest which has and will continue to accrue at the rate provided for in the Note, and any receiver fees and attorneys' fees, costs, expenses and other charges provided for by the Note and Mortgage.

12. According to Plaintiff's records, the proceeds of the Note were used in part to pay off an existing mortgage on the real property in the amount of One Hundred and Fifty Thousand, Six Hundred and Fifty-Nine Dollars and $^{13}/_{100}$ ($150,659.13), and the balance of the Note proceeds went to Prickles.

13. Defendant has intentionally failed or refused to explain or otherwise provide documents or information regarding what happened to the balance of the Note proceeds in the amount of One Hundred and Twenty-Six Thousand, Eight Hundred and Forty Dollars and $^{87}/_{100}$ ($126,840.87).

14. Defendant gave Plaintiff Personal Financial Statements dated 12/11/2007; 5/11/2009; 5/21/2010; 1/1/2011; 1/1/2012; and 1/27/2014, as part of the loan application and as required by the loan documents.

15. When questioned about the Personal Financial Statements Defendant intentionally failed, or refused to explain, or otherwise provide documents and/or information, to explain the information, asset values, income, and the disposition of assets listed on the statements.

16. Defendant's testimony regarding her income at her 2004 examination was inconsistent with the income stated in the personal financial statements given at the time of the loan and for the subsequent years.

17. Defendant testified under oath she did not file tax returns for years between 2009 and 2012. However, Plaintiff has acquired a tax return for 2012, which once again shows income considerably below the amount stated on Defendant's personal financial statement for the same

time period.

18. Tax returns filed by Prickles, LLC and K-1s for Prickles show John Maniaci, the Defendant's husband, as 90% owner of Prickles and the Cheryl M. Maniaci Trust as 10% owner. The Defendant did not list the trust on her bankruptcy filings and testified under oath at her 2004 exam that the Cheryl. M. Maniaci Trust never owned anything.

19. According to Wayne County Register of Deeds records Prickles owned real property known as 1859 Littlestone, Grosse Pointe, Michigan (the house that Defendant and her family lived in until it was sold) at the time Prickles applied for the loan with Plaintiff which was not disclosed by Defendant at any time. This real property was transferred back and forth between Prickles, Defendant's family members and family owned entities between 2007 and 2015 for no consideration until it was sold in 2015, for Two Hundred and Fifty-Two Thousand, and Five Hundred Dollars ($252,500.00). Defendant has intentionally failed or refused to explain, or otherwise produce documents and/or information regarding these real property transfers and the disposition of the sale proceeds.

## COUNT I
## NON-DISCHARGEABILITY UNDER 11 U.S.C. §523(a)(2)(A)

20. Plaintiff hereby incorporates by reference the preceding allegations.

21. The United States Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A),[1] prohibits discharges of debt based on "(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; ...".

22. An objection to dischargeability may be based on something broader than a specific statement by the debtor. In *In re Vitanovich* the Sixth Circuit Bankruptcy Appellate Panel addressed the

---

[1] Subsequent references to section (§) shall refer to sections in the United States Bankruptcy Code, 11 U.S.C. et. seq. (the "Bankruptcy Code").

meaning of "actual fraud" within the context of § 523(a)(2)(A):

> We adopt the position of the Court of Appeals for the Seventh Circuit that actual fraud as used in 11 U.S.C. § 523(a)(2)(A) is not limited to misrepresentations and misleading omissions. When a debtor intentionally engages in a scheme to deprive or cheat another of property or a legal right, that debtor has engaged in actual fraud and is not entitled to the fresh start provided by the Bankruptcy Code.

*Mellon Bank v. Vitanovich (In re Vitanovich)*, 259 B.R. 873, 877 (6th Cir. BAP 2001) (citing *McClellan v. Cantrell*, 217 F.3d 890, 893 (7th Cir. 2000)).

23. The Sixth Circuit Bankruptcy Appellate Panel made clear that it finds "actual fraud" is broader than a misrepresentation and encompasses "any deceit, artifice, trick, or design involving direct and active operation of the mind, used to circumvent and cheat another." *In re Vitanovich*, 259 B.R. at 877 (citing *McClellan*, 217 F.3d at 893). The Sixth Circuit Bankruptcy Appellate Panel further explained that:

> Actual fraud has been defined as intentional fraud, consisting in deception intentionally practiced to induce another to part with property or to surrender some legal right, and which accomplishes the end designed. It requires intent to deceive or defraud.

*In re Vitanovich*, 259 B.R. at 877 (quoting G*erad v. Cole (In re Cole)*, 164 B.R. 951, 953 (Bankr.N.D.Ohio 1993)) (other quotation omitted).

24. The United States Supreme Court has further held in *Husky International Electronics Inc. v. Ritz*, 136 S. Ct. 1581 (2016), that the term "actual fraud" in Bankruptcy Code § 523(a)(2)(A) encompasses forms of fraud, like fraudulent conveyance schemes, that can be effected without a false representation by a Debtor.

25. Here, Defendant committed actual fraud by intentionally engaging in a fraudulent scheme to obtain money for Prickles, drain the business of cash by taking distributions and disbursements

for personal or family owned business purposes while Prickles was insolvent or rendered insolvent thereby.

26. Here, Defendant has committed actual fraud by intentionally hiding the fraudulent scheme.

27. Where the facts show that the debtor engaged in actual fraud by intentionally engaging in a scheme to deprive or cheat another of property, then the debtor is not entitled to the fresh start provided by the Bankruptcy Code. *In re Vitanovich*, 259 B.R. at 877 (citing *McClellan*, 217 F.3d at 893).

28. Defendant's actions fall within the non-dischargeability provisions set forth in §523(a)(2)(A) and Plaintiff's debt should not be discharged.

29. During the course of this proceeding, Plaintiff may learn of additional fraud committed or fraudulent transfers made or directed by Defendant. Plaintiff reserves the right to make amendments to this Complaint, which relate back to the date of the filing of this Complaint, to add: detail on the fraud, fraudulent transfer, other transfers, Defendants or causes of action that may become known to Plaintiff at any time, through formal discovery or otherwise.

## COUNT II
## DISCHRAGEABILITY UNDER 11 U.S.C. §523(a)(2)(B)

30. Plaintiff hereby incorporates by reference the preceding allegations.

31. The United States Bankruptcy Code, 11 U.S.C. § 523(a)(2)(B),[2] prohibits discharges of debt based on "use of a statement in writing-(i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive; ...".

---

[2] Subsequent references to section (§) shall refer to sections in the United States Bankruptcy Code, 11 U.S.C. et. seq. (the "Bankruptcy Code").

32. The Defendant provided materially false LLC documents, tax returns, leases, and financial statements regarding Prickles and the Defendant to Plaintiff at the time of the loan and subsequently as required by the loan documents.

33. Plaintiff reasonably relied upon the statements in writing.

34. Defendant intended to deceive Plaintiff to obtain the loan.

35. Defendant's actions fall within the non-dischargeability provisions set forth in §523(a)(2)(B) and Plaintiff's debt should not be discharged.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests an Order of this Court declaring the debt owed to Plaintiff to be non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A) and/or 11 U.S.C. § 523(a)(2)(B) and enter a non-dischargeable judgment for an amount in excess of One Hundred and Eighty-Four Thousand, Eight Hundred and Fifty-Seven Dollars and $^{76}/_{100}$ ($184,857.76). Additionally, Plaintiff requests a judgment in favor of Plaintiff and against Defendant for reasonable attorneys' fees determined by this Court, and for other such relief as this Court may deem just and proper under the circumstances.

Respectfully submitted,

**SIMON PLC,**
**ATTORNEYS & COUNSELORS**

 */s/ Gary A. Hansz*
Gary A. Hansz (P44956)
Attorney for Comerica Bank
37000 Woodward Avenue, Suite 250
Bloomfield Hills, MI 48304
(248) 720-0290 – Office
(248) 720-0291 - Facsimile
ghansz@simonattys.com

Dated: May 17, 2017