IN RE:

CHERYL A. MANIACI,
Chapter 7
      Debtor.
_____/

Case No.: 17-40789-pjs

Hon.: Phillip J. Shefferly

COMERICA BANK,

      Plaintiff,

v.                                                Adv. No.: **17-04375-pjs**

CHERYL A. MANIACI,

      Defendant.
_____/

### DEFENDANTS ANSWER TO ADVERSARY COMPLAINT WITH AFFIRMATIVE DEFENSES, COUNTERCLAIM, DEMANDFOR JURY TRIAL AND REQUEST/DEMAND FOR REMOVAL TO FEDERAL DISTRICT COURT

**NOW COMES** the Defendant, CHERYL A. MANIACI, ("Defendant"), proceeding in propria persona, providing Affirmative Defenses and Counterclaim(s) with a request/demand for removal to Federal District Court pursuant to Title 28 U.S.C. § 1331 (federal question, constitutional violation alleged in counterclaim), Title 28 U.S. Code § 1452, Fed. R. Bankr. P. 9027, et. seq., and states as follows in answer to the Advesary Complaint Objecting to Discharge of Debt filed by COMERICA BANK, ("Plaintiff"), as follows:

    1.    Admitted.

    2.    Admitted.

    3.    Admitted.

1

4. Admitted.

5. Denied that this is a core proceeding under 28 U.S.C. §157. (Plaintiff presents two allegations in Paragraph 5), Defendant otherwise admits that this Court has limited jurisdiction over the bankruptcy filing.

6. Admitted.

7. Admitted.

8. Defendant is without knowledge to answer this allegation, no copy of the alleged document(s) referred to, or Contract/Agreement was appended as an Exhibit(s).

9. Defendant is without knowledge to answer this allegation, no copy of the alleged document(s) referred to, or Contract/Agreement was appended as an Exhibit(s).

10. Denied. The allegation, as worded, does not make sense.

11. Denied that the amount of $184,857.76 is due and owing; further no documents supporting this allegation of the alleged underlying state judgment were attached, no accounting method as to how this amount alleged as due and owing was presented or described. Further, this alleged state contract / real property action does not rise to the level of a "core proceeding" for purposes of the instant adversary complaint for purposes of Title 11 U.S.C. §§ 523(a)(2)(A). Further this

12. Denied. Further, Plaintiff has not attached the "records" alluded to as an Exhibit(s).

13. Denied. Further, no documents supporting this allegation of the alleged underlying state judgment were attached, no accounting method as to how this amount alleged as due and owing $184,857.76 was presented or described.

14. Defendant is without knowledge to answer this allegation, no copy of the alleged

Personal Financial Statements allegedly dated 12/11/2007; 5/11/2009; 5/21/2010; 1/1/2011; 1/1/2012; and 1/27/2014 referred to were appended as Exhibit(s).

15. Denied. Further, this conclusory allegation is vague and unspecific and cannot be answered as it is unclear, no dates, times, or the alleged "questions" Defendant allegedly "failed, or refused to explain" regarding documents and "asset values, income, and the disposition of assets listed on the statements" were set forth in this allegation. The information alluded to would be required *before* any extension of funds from Plaintiff Comerica Bank to Defendant would occur per Plaintiffs internal procedures for extending funds.

16. Denied. Defendant's testimony regarding 2004 income at the alleed examination was completely consistent.

17. Denied. Any alleged tax returns were not presented as Exhibit(s) and were obtained illegally.

18. Denied. Any alleged tax returns were not presented as Exhibit(s) and were obtained illegally.

19. Denied. Defendant has not intentionally failed or otherwise refused to explain or produce documents as to any alleged real property transfers, or disposition of any alleged sale proceeds.

20. Denied or requires no answer as statement of procedure/law.

21. Denied inasmuch as it alleges Defendant has engaged in any perceived or otherwise fraudulent or criminal conduct.

22. Denied Defendant has engaged in fraud. This is not a factual allegation but rather a rendition of alleged law appropriately filed as a memorandum or brief. Defendant cannot respond to statements of law and makes no acknowledgment to the rendition of the law produced

as being accurate or timely.

23. Denied Defendant has engaged in fraud. This is not a factual allegation but rather a rendition of alleged law appropriately filed as a memorandum or brief. Defendant cannot respond to statements of law and makes no acknowledgment to the rendition of the law produced as being accurate or timely.

24. Denied Defendant has engaged in fraud. This is not a factual allegation but rather a rendition of alleged law appropriately filed as a memorandum or brief. Defendant cannot respond to statements of law and makes no acknowledgment to the rendition of the law produced as being accurate or timely.

25. Denied Defendant has engaged in fraud. This is not a factual allegation but rather a rendition of alleged law appropriately filed as a memorandum or brief. Defendant cannot respond to statements of law and makes no acknowledgment to the rendition of the law produced as being accurate or timely.

26. Denied Defendant has engaged in fraud, this is not a fatual, but rather a conclusory allegation made without good faith and without merit.

27. Denied Defendant has engaged in fraud. This is not a factual allegation but rather a rendition of alleged law appropriately filed as a memorandum or brief. Defendant cannot respond to statements of law and makes no acknowledgment to the rendition of the law produced as being accurate or timely.

28. Denied that the alleged Defendant's actions fall within the non-dischargeability provisions set forth in §523(a)(2)(A) and Plaintiff's debt should be discharged accordingly.

29. Denied, no discovery should be allowed as no fraudulent activity has been engaged in or occurred.

30. Denied. This is not a factual allegation but rather a rendition of alleged law appropriately filed as a memorandum or brief. Defendant cannot respond to statements of law and makes no acknowledgment to the rendition of the law produced as being accurate or timely.

31. Denied Defendant has engaged in fraud. This is not a factual allegation but rather a rendition of alleged law appropriately filed as a memorandum or brief. Defendant cannot respond to statements of law and makes no acknowledgment to the rendition of the law produced as being accurate or timely.

32. Denied, no false information was provided.

33. Denied.

34. Denied.

35. Denied.

36. Denied, the debt is dischargable and has in fact been discharged.

## AFFIRMATIVE DEFENSES

**Affirmative Defense No. 1.**

Plaintiff has failed to properly serve the Defendant with a Summons or the adversary Complaint as required by Federal Rule of Civil Procedure No. 4. The docket indicates no summons being issued, no return of service being filed, the advesary complaint was mailed to the attorney for Plaintiff in the underlying bankruptcy action, an attorney who is not the attorney of record for the new adversary action filed by the Plaintiff pursuant to Federal Bankruptcy Rules including but not limited to Rule 7004 et seq.

**Affirmative Defense No. 2.**

Plaintiff failed to mitigate damages inasmuch as the Defendant offered a settlement of the underlying dispute, and actually paid $4,000.00, funds for which were taken by the Plaintiff and

never accounted for.

**Affirmative Defense No. 3.**

The claims asserted by Plaintiff are "non-core" state claims and should not be entertained in this venue for purposes of Title 28 U.S. Code § 157 as the issue is a state court claim regarding a loan that was previously litigated years ago.

**Affirmative Defense No. 4.**

The claims set forth by Plaintiff are *res-judicata,* matters that have been adjudicated by a state court and may not be further re-litigated.

**Affirmative Defense No. 5.**

Plaintiff is abusing the civil process and engaging in an attempt to commit fraud upon the court.

**Affirmative Defense No. 6.**

Plaintiff's conduct in this case is in violation of the Fair Debt Collection Practices Act,

**Affirmative Defense No. 7.**

Payment offer was made to Barbara A. Utterback, Vice President, Comerica Bank in the amount of $200,000,00 dollars on or about the month of February, 2013, which was not accepted by Ms. Utterback resulting in a failure to mitigate damages.

**Affirmative Defense No. 8**

Defendant hereby reserves the right to add, supplement, modify, change or amend any and all of its Affirmative Defenses as the facts and circumstances become known through further discovery and/or investigation.

## COUNTERCLAIM NO. 1

1.  Plaintiff has defamed the defendant by making false allegations and statements by making statements regarding Defendant engaging in alleged fraud as set forth in the Complaint which are untrue, which were made public and are an unprivileged publication to a third party; that were deliberate or negligently published and actionable statements irrespective of special harm or the existence of actual harm caused by the publication. Plaintiff demands judgment against Gary A. Hansz and Frank R. Simon, and the law-firm corporate entity known as Simon P.L.C. in the amount of $900,000.00, for damages against inflicted upon Defendant a separate action to follow in state court.

## COUNTERCLAIM NO. 2

2.  Plaintiff has defamed the Defendant per se, defamation Per Se as the allegations of fraud and alleged criminal actions/conduct are false and imputes criminal conduct. Plaintiff demands judgment against Gary A. Hansz and Frank R. Simon, and the law-firm corporate entity known as Simon P.L.C. in the amount of $900,000.00, for damages against inflicted upon Defendant a separate action to follow in state court.

## DEMAND FOR REMOVAL

Defendant hereby demands removal of this action from the bankruptcy division to the general civil division of the United States District Court, Southern Division of Michigan as it presents claims outside of the bankruptcy division scope and authority Title 28 U.S.C. 28 U.S.C. § 1412, et. seq. (To exercise the bankruptcy jurisdiction, Congress provided bankruptcy courts with authority to enter final judgments in core proceedings, but reserved for the Article III district courts the authority to enter final judgments in non-core proceedings.) See

*Executive Benefits Insurance Agency v. Bellingham, Chapter 7 Trustee of Estate of Bellingham*

7

17-04375-pjs    Doc 7    Filed 06/16/17    Entered 06/16/17 15:33:47    Page 7 of 9

*Insurance Agency, Inc.*, ___ U.S. ___, No. 12-1200 (June 9, 2014) 702 F. 3d 553, affirmed by the United States Supreme Court, June 9, 2014.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial pursuant to Fed. R. Civ. Procedure 38 and the U.S. Constitution, Amendment VII on all issues set forth herein so triable.

**WHEREFORE**, Plaintiff requests that this Court dismiss with prejudice the Complaint and award costs and fees associated with defending against this frivolous non-core action and order stricken all pleadings filed by the Plaintiff in this regard. Defendant further demands that this non-core action be removed to the Federal District Court to be heard by an Article III Judge.

Defendant further requests the Court to issue a declaratory order that the Plaintiffs conduct is in violation of the due process clause of the United States Constitution as secured under the Fifth and Fourteenth Amendment(s).

Plaintiff requests the Court to exercise its pendent/supplemental jurisdiction over any concomitant state law causes of action 28 U.S. Code § 1367 with regard to the counterclaim for defamation of character.

Resepectfully submitted,

**Cheryl A. Maniaci, Defendant Pro Se**
**796 Lochmoor Blvd**
**Grosse Pointe Woods, MI 48236**

## CERTIFICATE / PROOF OF SERVICE

This is to certify that I, Cheryl A. Maniaci mailed one true and correct copy of the foregoing DEFENDANTS ANSWER TO ADVERSARY COMPLAINT WITH AFFIRMATIVE DEFENSES, COUNTERCLAIM, DEMANDFOR JURY TRIAL AND REQUEST/DEMAND FOR REMOVAL TO

FEDERAL DISTRICT COURT to counsel for the Plaintiff by placing same in a sealed, postage fully prepaid envelope addressed to:

**Gary A. Hansz (P44956)**
**Attorney for Comerica Bank**
**37000 Woodward Avenue, Suite 250**
**Bloomfield Hills, MI 48304**

by way of tracked mail via the United States Postal Service this **16** day of June, 2017.

Cheryl A. Maniaci, Defendant Pro Se
796 Lochmoor Blvd
Grosse Pointe Woods, MI 48236

*Subscribed and sworn to before me*

*this _____ day of June, 2017.*

*Notary Public, Wayne Co., Michigan.*

*My Commission Expires on: _____*